IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal No. 04-269 |
| | ) | See Civil Action No. 13-602 |
| JEFFREY KRETZER, | ) | |
| | ) | |
| Defendant/petitioner. | ) | |

MEMORANDUM OPINION

BLOCH, District J.

Petitioner Jeffrey Kretzer, on April 26, 2013, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. No. 51) and brief and affidavit in support thereof (Doc. Nos. 52 and 51-2). Upon consideration of this motion, and upon further consideration of the Government's response thereto (Doc. No. 54), filed on May 14, 2013, the Court denies Petitioner's motion for the reasons set forth below.

I. **Background**

On October 14, 2004, an indictment was returned by the Grand Jury charging Petitioner with transportation of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(1), receipt of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2), and possession of material depicting the sexual exploitation of

a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). On January 13, 2005, Petitioner pled guilty to Count One, and on April 21, 2005, the Court sentenced him to a term of imprisonment of 78 months to be followed by a term of supervised release of life.

Petitioner was released to supervision on July 23, 2010. On February 3, 2011, his probation officer filed a Request for Modifying the Conditions or Term of Supervision with Petitioner's consent, and the Court granted the modification on February 7, 2011. The modifications were to bring the terms of Petitioner's release in compliance with the United States Probation Office's Computer Restriction and Monitoring Program and contained various provisions regarding the use and monitoring of any computer possessed or used by Petitioner. The modifications also included provisions regarding mental health and/or sex offender treatment.

On January 4, 2012, the probation officer sent the Court a letter stating that Petitioner had been in contact with a convicted felon in violation of the terms of his supervised release. The letter further stated, though, that Petitioner had made a great deal of progress on supervision, and that Petitioner, when confronted with the letter to the felon, had cooperated with the probation officer. The probation officer did not seek any further action, and none was taken at that time.

However, on October 26, 2012, the probation officer provided the Court with a status report indicating that Petitioner's progress in supervision had declined and describing numerous potential violations. The probation officer asked the Court to advise how to proceed, and the Court advised her to file a violation petition. Accordingly, on November 2, 2012, Petitioner's probation officer filed a Petition for Show Cause Hearing for Offender under Supervision alleging that Petitioner had violated the terms of his supervised release and requesting that the Court schedule a show cause hearing. Specifically, she advised that Petitioner violated the conditions of his supervised release in the following manner:

First, that he violated the condition that provides that he shall participate in a mental health treatment program and/or sex offender treatment program as approved by the probation officer, as a result of being unsuccessfully discharged from sex offender treatment on September 17, 2012. The probation officer alleged that Petitioner had failed to follow through with his recommended treatment plan and engaged in deception. She further stated that he failed a polygraph examination on October 1, 2012, and lied about his attempts to use counter measures to pass the polygraph.

Second, she alleged that Petitioner violated the condition that provides that he shall answer truthfully all inquiries by

3

the probation officer and follow the instructions of the probation officer, by denying that he had taken counter measures relating to his polygraph examination and by claiming that a cold had caused the failed polygraph.

Third, she alleged that he violated the condition that provides that he shall abide by the provisions of the Computer Restriction and Monitoring Program approved by the Court, by using unmonitored computers, failing to provide all user names and passwords to the Probation Office, and removing monitoring software without the permission of the probation officer.

On November 21, 2012, the Court held a show cause hearing on the November 2 Petition. Petitioner denied the allegations and the Court received evidence from both the Government and Petitioner, including Petitioner's own testimony. Despite Petitioner's claims that he had only conducted general research on polygraphs prior to his test on October 1, 2012, the Court found his claims to lack credibility and found that Petitioner violated the conditions of his supervised release by lying about his attempts to use counter measures to pass his polygraph examination. However, this was not the only way in which the Court found that he had violated his conditions of supervision. The Court also found that he violated those conditions by failing to follow through with his recommended treatment plan, by failing the polygraph examination, and by using unmonitored

4

computers, failing to provide all user names and passwords to the probation officer, and removing monitoring software without the permission of the probation officer. Based on these findings, the Court revoked Petitioner's supervised release and sentenced him to a term of imprisonment of 9 months, which was the top of the advisory guideline sentencing range pursuant to USSG § 7B1.4(a), to be followed by a term of supervised release of life.

Petitioner did not appeal the Court's findings or the sentence imposed. Instead, on April 26, 2013, he filed the present motion.

## II. Discussion

As noted, Petitioner brings his motion pursuant to Section 2255. This statute permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...[to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

28 U.S.C. § 2255(b).[1] Petitioner's motion raises two primary arguments. First, he argues that the term of imprisonment imposed violated his right to be free from cruel or unusual punishment pursuant to the Eighth Amendment of the United States Constitution. Second, he argues that he was denied due process of the law because he was not fully advised of the conditions of his supervised release.

The Court first notes that Petitioner's issues certainly could have been raised on direct appeal, and accordingly, his claims are procedurally defaulted.[2] "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." United States v. Cepero, 224 F.3d 256, 267 (3d Cir. 2000) (abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012)) (citing Reed v. Farley, 512 U.S. 339, 348 (1994)). See also Young v. United States, 124 F.3d 794, 796 (7th Cir. 1997); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) (superseded by rule on other grounds by

---

[1] As will become apparent below, no evidentiary hearing is needed because the motion, files, and records conclusively demonstrate that Petitioner is not entitled to relief.

[2] Although the Government has not raised the issue of procedural default, the issue may be raised *sua sponte* by the Court. See Sweger v. Chesney, 294 F.3d 506, 520-21 (3d Cir. 2002).

United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012))
("[Section] 2255 is no longer a necessary stand-in for the direct appeal of a sentencing error because full review of sentencing errors is now available on direct appeal."). Arguments that could have been made on direct appeal cannot be raised in a Section 2255 motion unless the petitioner can demonstrate both cause and prejudice. See Bousley v. United States, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (citations omitted); Essig, 10 F.3d at 979 (holding that the cause and prejudice standard of United States v. Frady, 456 U.S. 152, 167-68 (1982), "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed").

Petitioner did not bring a direct appeal. Moreover, he has offered no objective evidence as to why he did not raise these claims on appeal. His only explanation is to state, with no further discussion, that he was not advised of his right to appeal. However, Petitioner had appointed counsel for his violation proceedings and does not allege that his counsel was ineffective in any way in failing to file a notice of appeal on

7

his behalf. Therefore, Petitioner has failed to show good cause for failing to raise his claims on direct appeal, or to claim or show actual innocence, and his claims would correctly be procedurally defaulted.[3]

However, even assuming that Petitioner's claims are properly raised pursuant to Section 2255, those claims are completely without merit. Indeed, both of his arguments are premised on a gross mischaracterization of the record, specifically, the basis on which his supervised release was revoked and sentence imposed. On multiple occasions, Petitioner states that his sentence was based on the mere fact that he viewed websites regarding polygraphs and that the Court improperly considered him to have possessed child pornography, in violation of 18 U.S.C. § 2252, in finding that he violated his conditions and in imposing sentence. There are many problems with Petitioner's position.

First, the November 2, 2012 Petition which formed the basis of the allegations against Petitioner does not allege that Petitioner violated his conditions by possessing child pornography, nor does it cite to or mention Section 2252.

---

[3] The Court further notes that Petitioner does not raise any claims, such as an ineffective assistance of counsel claim, that would properly be raised in a Section 2255 motion as an exception to the procedural default rule requiring a defendant to demonstrate cause and prejudice. See United States v. DeRewal, 10 F.3d 100, 104 (3d Cir. 1993); United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994).

8

Likewise, the Court at no time stated or suggested that it was finding that Petitioner was engaging in such behavior or that his sentence was based in any way upon committing any such acts. Second, the Court found that Petitioner violated the conditions of his supervised release by attempting to use counter measures to pass his polygraph examination and lying about such measures, not by merely accessing websites about polygraphs. Indeed, the Court rejected Petitioner's claims that he had only conducted general research on polygraphs prior to his test on October 1, 2012. Third, attempting and lying about such counter measures was not the only violation found by the Court; the Court also found that Petitioner violated his conditions by failing to follow through with his recommended treatment plan, by failing the polygraph examination, and by using unmonitored computers, failing to provide all user names and passwords to the probation officer, and removing monitoring software without the permission of the probation officer.

These important clarifications show the complete lack of merit as to both of Petitioner's arguments. In regard to his Eighth Amendment argument, Petitioner's claim is that the Court improperly considered uncharged conduct in violation of 18 U.S.C. § 2252, when is only conduct was conducting general research on polygraphs, and that there is a gross imbalance between a nine-month sentence and merely viewing websites about

9

polygraphs. However, as stated, nothing the Court did was based in any way upon conduct violating Section 2252, and the revocation and sentence were based on several violations, none of which were merely researching on the internet. Understood in this context, Petitioner's Eighth Amendment argument is absolutely frivolous.

The Eighth Amendment does contain a narrow proportionality principle which applies to non-capital sentences. See United States v. MacEwan, 445 F.3d 237, 247 (3d Cir. 2006) (citing Ewing v. California, 538 U.S. 11, 20 (2003)). However, the Eighth Amendment does not demand strict proportionality between the offense and the sentence but, rather, forbids only sentences that are grossly disproportionate to the crime. See id. at 248 (citing Ewing, 538 U.S. at 23). In conducting such analysis, courts are required to grant substantial deference to the broad authority of legislative bodies to determine the types and limits of punishment for crimes. See id. at 247 (citing United States v. Rosenberg, 806 F.2d 1169, 1175 (3d Cir. 1986)). It is only the exceedingly rare and extraordinary case where a term of imprisonment will be found to be grossly disproportionate to the crime. See id. at 247-48 (citing Ewing, 538 U.S. at 22); United States v. Walker, 473 F.3d 71, 79 (3d Cir. 2007) (citing Lockyer v. Andrade, 538 U.S. 63, 72, 77 (2003)); United States v. Miknevich, 638 F.3d 178, 185-86 (3d Cir. 2011). Accordingly, if

the defendant fails to meet the "heavy burden" of making the threshold showing of a gross imbalance between the crime and the sentence, the analysis is at an end. See MacEwan, 445 F.3d at 248, 250.

Contrary to Petitioner's claims that he received the "harshest" punishment permitted for violations such as his, the statutory maximum sentence of imprisonment for his violations was two years. The nine-month sentence he received is well within that limit, and sentences within the statutory limits are generally permissible under the Eighth Amendment. See Miknevich, 638 F.3d at 186. Indeed, as Petitioner himself acknowledges, the sentence was even within the recommended guideline sentencing range of three to nine months. This range accounted not only for Petitioner's criminal history, but also for the nature of his violations, as his range was calculated based on the Court's finding that his violations constituted Grade C violations under USSG § 7B1.1(a)(3).[4] The Court clearly explained the basis for the sentence imposed, stating that Petitioner had adjusted poorly to supervision and had demonstrated a troubling pattern of deceptive behavior in his

---

[4] Grade C includes minor criminal conduct and "technical" violations that do not necessarily qualify as criminal conduct but that do constitute violations of the conditions of release. As Petitioner appears to be aware, the recommended range under Section 7B1.4(a) is lower for Grade C violations than it is for more serious conduct qualifying as Grade A or B violations.

dealings with the Probation Office. The Court further explained that a sentence of incarceration within the relatively low recommended guideline range was necessary to provide adequate deterrence to this type of behavior and to promote respect for the law, including the conditions of Petitioner's release.

Petitioner's argument under the Eighth Amendment addresses none of this and, rather, as noted, is premised on a complete misreading of the record. Of course, even if Petitioner's characterization of the Court's findings was accurate, he does not offer anything other than broad conclusory statements as to why the short sentence of incarceration imposed was grossly out of balance with his conduct or why his case is one of the rare cases where such an argument would apply. Again, he received a sentence well short of a year for repeatedly engaging in deceptive behavior while on supervised release. Claiming such a sentence to be one of the exceedingly rare and extraordinary ones that would violate the Eighth Amendment with such a sparse explanation is patently frivolous.

Petitioner's second argument fares no better. He claims that he had insufficient notice of what conduct was proscribed by the conditions of his release in that he was never advised that he was prohibited from learning about polygraph examinations or machines. As the Court has explained, his violations were not based on learning about polygraphs, but on

attempting to take counter measures to evade the polygraph and lying about such attempts. Contrary to his contentions, he was aware that he was required to answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer, to participate in a mental health treatment program and/or sex offender treatment program as approved by the probation officer, and to abide by the provisions of the Computer Restriction and Monitoring Program. Using counter measures in an attempt to pass his polygraph examination, lying about taking such measures when confronted by the probation officer, and failing to complete his sex offender treatment, as well as using unmonitored computers, failing to provide all user names and passwords to the Probation Office, and removing monitoring software without the permission of the probation officer, clearly violated these conditions. Petitioner had more than adequate notice that the conduct for which his supervised release was revoked and for which he was sentenced was not permitted under the terms of his release.

The present motion is essentially an attempt to re-raise the arguments Petitioner made at his show cause hearing, i.e., that he was merely researching polygraphs and not attempting to manipulate the results. These claims are no more compelling or credible now than they were then. The Court has ruled on

Petitioner's arguments and, as stated, has no reason to change those rulings.

### III. Conclusion

For all of the above-stated reasons, Petitioner's motion is denied in its entirety. Further, this Court will not issue a certificate of appealability in this case. A certificate of appealability may issue under Section 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). For the reasons set forth above, Petitioner has not made a substantial showing of the denial of a constitutional right and a certificate of appealability should not issue in this action.

An appropriate Order will be issued.

Dated: January 13, 2014          s/Alan N. Bloch
                                 United States District Judge

ecf:      Counsel of record